UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ELIZABETH F. LAWRENCE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendants. | ) | CASE NO. C09-1368Z<br><br><br><br>ORDER |

The Court has reviewed the entire record, including the Administrative Record, the memoranda of the parties, and the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler. It is therefore ORDERED:

1. The Court ADOPTS the R&R, docket no. 20, with the following modifications to clarify the Court's ruling:

(a) Plaintiff submitted an open letter from Social Security Administration's Chief ALJ to Regional Chief ALJs explaining that state Single Decision Makers ("SDM") are not medical professionals and agency policy precludes ALJs from giving any evidentiary weight to Residual Functional Capacity ("RFC") assessments prepared by SDMs. Reply,

docket no. 23, Ex. A. This is consistent with case law holding that "[a]n SDM is not a medical professional of any stripe, and the opinion of an SDM is entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources." Greenfield v. Astrue, 2010 WL 2132057, *4 n.5 (D. Kan. 2010) adopted by 2010 WL 2132061 (D. Kan. 2010); Ky v. Astrue, 2009 WL 68760 (D. Colo. 2009); Bolton v. Astrue, 2008 WL 2038513 (M.D. Fla. 2008).

However, although plaintiff argues that the ALJ improperly relied on the non-medical opinion of SDM David Vincent, Mr. Vincent's review was affirmed by Dr. Robert Hoskins in its entirety, Tr. 328, and the ALJ was obligated to consider it as opinion evidence. See 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i). See also Kempel v. Astrue, 2010 WL 58910 (D. Kan. 2010) ("Because Dr. Siemsen affirmed [the SDM's] assessment, the 'opinions' to which the ALJ refers in the decision, include the medical opinion of an 'acceptable medical source,' and the ALJ's 'error in referring as well to the report of the non-physician does not require remand.'"); Lamp v. Astrue, 2009 WL 412884 (N.D. W.Va. 2009) (affirming ALJ's reliance on RFC assessment prepared by SDM where physician subsequently noted on the report "I have reviewed all the evidence in file and assessment 11/03/04 is affirmed as written."); Jones v. Astrue, 2008 WL 1766964 (S.D. Ind. 2008) (affirming ALJ's reliance on SDM decision where decision was "reaffirmed entirely by a physician's opinion, which the ALJ could weigh appropriately as a consulting medical opinion."). The ALJ properly considered the medical opinion of Dr. Hoskins in reaching a conclusion as to plaintiff's RFC.

(b) Plaintiff fails to present any evidence demonstrating that the ALJ's findings are inconsistent with the evidence in the record, and in particular with the medical opinion of Dr. Anselm Parlatore. Dr. Parlatore opined that Lawrence's mental impairments have moderately affected her "intellectual capacity to understand, remember and follow both complex and simple instructions, and her ability tasks [sic] in a timely and consistent manner." Tr. 257. Dr. Parlatore did not opine as to Lawrence's ability to perform unskilled work as a result of her moderate impairments. Conversely, Dr. Steven Haney reviewed Dr. Parlatore's analysis and concluded that Lawrence's moderate impairments did not preclude her from working, finding that she was "capable of simple work with limited contact with the general public on a sustained basis." Tr. 285. The ALJ adopted Dr. Haney's opinion, finding that Lawrence had sufficient mental capacity to perform unskilled work and simple tasks, with limited contact with the general public. Tr. 19. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-74 (9th Cir. 2008) (affirming ALJ's decision because the ALJ's adoption of the second physician's opinion that the claimant could perform simple tasks was not a rejection of the first physician's opinion that she had moderate mental impairments). The ALJ's findings are consistent with the medical evidence in the record.

2. The Court AFFIRMS the decision of the Administrative Law Judge.

3. The Clerk is directed to send a copy of this Order to all counsel of record and to Magistrate Judge Theiler.

Filed and entered this 27th day of July, 2010.

Thomas S. Zilly
United States District Judge